Marshal L. Mickelson
Annie N. Harris
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX  :  406-723-8919
mmick@cpklawmt.com
aharris@cpklawmt.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| NORTHLAND CASUALTY COMPANY, | No. CV-16-____GF-_____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT AND RECOUPMENT** |
| v. | |
| A-1 CONTRACTORS INC. and DANNY BRANNON | |
| Defendant. | |

COMES NOW plaintiff Northland Casualty Company (Northland), by and through its counsel of record Corette Black Carlson & Mickelson, and for its Complaint for Declaratory Judgment hereby respectfully states and alleges:

## NATURE OF ACTION

1. This is a complaint for declaratory judgment pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C., § 2201, *et seq*., for the purposes of determining questions of actual controversy among the parties and construing the rights, duties, and legal relations arising from certain contracts of liability insurance issued by Northland to A-1 Contractors Inc. (A-1).

## PARTIES

2. Plaintiff Northland is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3. Defendant A-1 is a Montana corporation with its principal place of business in Great Falls, Montana.

4. Defendant Danny Brannon is a citizen of and resides in the State of Montana and is the owner and operator of A-1.

## JURISDICTIONAL ALLEGATIONS

5. There exists an actual and justiciable controversy between Northland, Brannon, and A-1 regarding whether there is any duty by Northland with respect to claims made against A-1 and Brannon by Ryne LaBuda, Suzy LaBuda, and AL (minor child) (collectively the LaBudas) arising out of

an alleged exposure to carbon monoxide at 608 34th Avenue NE, Great Falls, Montana.

6. There is complete diversity of citizenship between Northland, Brannon, and A-1.

7. The United States District Court for the District of Montana has jurisdiction over this matter based on diversity jurisdiction pursuant to 28 U.S.C., § 1332, and Article 3, § 2, of the United States Constitution, which provides that federal courts may hear diversity jurisdiction "between citizens of different states."

8. The amount in controversy exceeds the jurisdictional limit of $75,000 as the claims in the underlying case are for carbon monoxide poisoning of three people (including a minor), and damages for loss of use, together with the cost of defending the case, would exceed $75,000; and, in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

9. Venue is proper in the United States District Court for the District of Montana, Great Falls Division, pursuant to 28 U.S.C., 1391(b). The events giving rise to the underlying suit took place in Cascade County

and defendant A-1's principal place of business is in Cascade County and defendant Brannon is a resident of Cascade County.

## POLICIES

10. Northland issued Policy No. WS179860 for policy period 4/11/2014 to 4/11/2015 and for policy period 4/11/15 to 4/11/16. Copies of the policies are attached as Exhibits 1 and 2.

## GENERAL ALLEGATIONS

11. A Complaint was filed by the Labudas against A-1 Contractors, Danny Brannon, and Does I-V in the Eighth Judicial District Court, Cascade County, Montana, Cause No. DV-16-156.

12. The Labudas allege in their complaint that Danny Brannon is the owner and operator of A-1.

13. The Labudas allege in their complaint that A-1 had a contract to replace the roof of the home that the Labudas were purchasing at 608 34th Ave. NE, Great Falls, Montana, and part of that contract was to cut vents for proper ventilation and replace new pipe boots on all soil stacks.

14. The Labudas allege in their complaint that the contract did not include removing and refitting any furnace venting pipe which had a specific purpose to elevate the furnace gases above the roof to prevent down draft or back flow.

15. The Labudas allege that A-1 removed and replaced the furnace vent with a vent typically used for attic space ventilation that lacked sufficient height to safely allow the furnace gases to escape the property.

16. The Labudas allege that the furnace gases remained in the house and were not vented out of the house due to the improperly installed attic vent.

17. The Labudas allege that the property was unusable for a period of time and this loss of use caused damage.

18. The Labudas allege that carbon monoxide in the home caused personal injury to them and their minor child.

19. The Labudas allege A-1 and Brannon were negligent.

20. The Labuda complaint was tendered to Northland on or about March 1, 2016.

21. Northland is defending A-1 and Brannon for the Labuda complaint under a full and complete reservation of all rights.

22. Northland disputes that it has any obligation to A-1 or Brannon under any policies issued by Northland in connection with the tender of the Labudas complaint to Northland. A justiciable controversy now exists between Northland, Brannon, and A-1 as to whether Northland has any obligation

under any of the Northland policies to respond to the tender of the Labudas' complaint.

## COUNT I:  DECLARATORY JUDGMENT

23. Northland repeats and incorporates herein the allegations made in paragraphs 1 through 22 as set forth above.

24. The Northland policies each contain a Total Pollution Exclusion endorsement S42-CG (2/09) which excludes "bodily injury" or "property damage" "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants".

25. "Pollutants" is defined in the Northland policies as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed."

26. "Bodily injury" is defined in the Northland policies as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

27. "Property damage" is defined in the Northland policies as "physical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured."

28. The Total Pollution Exclusion contains an exception for "bodily injury" "if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat...the building…"

29. Based upon the allegations of the complaint tendered to Northland, there is no duty to indemnify A-1 for any claims that may arise from the carbon monoxide in the home of the Labudas or the loss of use of their home as carbon monoxide is a pollutant as defined by the policy and the policy excludes "bodily injury" and "property damage" arising out of "pollutants".

30. The exception to the exclusion does not apply because neither A-1 or Brannon did not own, occupy, rent, or loan the Labudas' home at any time.

31. Based upon the allegations of the Labudas' complaint, there is no coverage available for the injuries alleged by the Labudas under the Northland policies and therefore Northland has no duty to defend the Labudas' complaint on behalf of A-1 or Brannon.

**WHEREFORE,** plaintiff respectfully prays as follows:

1. That this court enter judgment finding that Northland has no duty to defend or indemnify A-1 or Brannon for the claims made against them in the Labudas' complaint;

2. That Northland has no obligations with respect to the tender of the Labudas' complaint;

3. For recoupment for any costs and attorney fees in defending the Labudas' complaint;

4. For its costs and attorney fees as allowed by law; and,

5. For such further relief as the court deems necessary and proper.

DATED this 4th day of April, 2016.

/s/ Marshal Mickelson
Corette Black Carlson & Mickelson
Attorneys for Plaintiff
Northland Casualty Company